# DECLARATION OF ELIZABETH RIESER-MURPHY

1. My name is Elizabeth Rieser-Murphy. I am a Staff Attorney at The Legal Aid Society – a non-profit organization in New York City, NY. I have worked exclusively with detained and released unaccompanied children in Texas, Virginia, and New York for the past five (5) years first at the Young Center for Immigrant Children's Rights and then at the Legal Aid Society.

2. Currently, I am the attorney of record for three separated children who have been designated as unaccompanied pursuant to the Trump Administration's "zero tolerance policy." These children are currently detained in the New York area and range in age 6 years old to 13 years old. Of my three clients, two clients are of Mayan identity with limited Spanish proficiency.

3. My youngest client is J.D.A., a 6 year old Chuj speaking boy from Guatemala. J.D.A. is a Mayan child who speaks limited Spanish. J.D.A. entered the United States with his father on or about May 2018. He and his father were apprehended by Customs and Border Protection. In approximately mid-May 2018, J.D.A. was forcibly removed from his father's physical custody and placed in the custody of the Office of Refugee Resettlement (ORR). Since approximately mid-May J.D.A. has been in the custody of ORR in a shelter contracted through an ORR-licensed child care facility. J.D.A. has now been separated from his father for nearly sixty (60) days. Upon information and belief, J.D.A. may qualify for immigration relief, including asylum and special immigrant juvenile status. I have been unable to inform J.D.A.'s parents that J.D.A. may be eligible for immigration relief as his father is detained in Texas and his mother's contact information has not been made available to me. Upon information and relief, J.D.A.'s father signed an agreement

1

for him and his son to be repatriated. I do not believe that this waiver was presented to J.D.A.'s father in his first language, Chuj, therefore it is unclear whether it is a knowing waiver of his and his son's rights. I requested a copy of J.D.A.'s ORR file which does not appear to contain a copy of the repatriation agreement. Therefore, I have been unable to inform my client as to the waiver of his rights.

4. On or about July 13, 2018, I inquired about the reunification plan for J.D.A. but the case manager was unable to provide me with details as when or how my client would be reunified with his father.

5. My oldest client, H.M.C., is a 13 year old Q'eqchi speaking girl from Guatemala. She does not want to be detained in family detention with her father. Until now, I have been unable to find a female interpreter to speak with my client and have had to instead use male interpreters via phone. She has expressed a fear of return to Guatemala, however, I have been unable to determine whether she is relief eligible, perhaps in part because I have been unable to find an interpreter of the same gender. Upon information and belief, she is from a region of Guatemala with high rates of violence, in particular high rates of gender violence.

6. Upon information and belief, her father, a monolingual Q'eqchi speaker, has only had the opportunity to speak with his daughter two times. H.M.C. and her father entered the United States on or about the beginning of June 2018. He has not seen a judge during that time and has not had the opportunity to speak to anyone in his own language, other than his daughter, until yesterday when he spoke with an attorney from Public Counsel. Upon information and belief, H.M.C.'s father was extremely overwhelmed by his current

situation as no one spoke to him in his first language to explain the situation to him until yesterday. It is unclear if he understands the posture of his case at the moment.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

July 15, 2018
DATE

Elizabeth Rieser-Murphy, Esq.
Staff Attorney - Legal Aid Society